IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MAX KHAZANOV,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**CHRISTOPHER BULLOCK, Field Office Director of the New Orleans Field Office, U.S. Immigration and Customs Enforcement,[1] *et al.*,**<br><br>**Respondents.** | **Case No. 3:26-cv-00401**<br>**Judge Aleta A. Trauger** |

## ORDER

For the reasons set forth in the accompanying Memorandum, petitioner Max Khazanov's Amended Verified Petition for Writ of Habeas Corpus (Doc. No. 22) under 28 U.S.C. § 2241 is **GRANTED IN PART**[2] as follows.

The respondents are **ORDERED** to release the petitioner from custody on or before **5:00 p.m. on Friday, June 5, 2026**, on the terms of his former Order of Supervision. The respondents are **ORDERED** to notify petitioner's counsel of the exact time and location of his release as soon as practicable and no less than three hours before release.

---

[1] Respondent states that "Christopher Bullock is only the appropriate respondent because he is now the Field Office Director of the New Orleans Field Office, U.S. Immigration and Customs Enforcement." (Doc. No. 28 at 1 n.1.) In light of that representation, the Clerk is **DIRECTED** to modify the case caption to substitute Christopher Bullock for both Ladwig and Acuna, pursuant to Rule 25(d).

[2] Finding that the petitioner is entitled to release from custody on the grounds addressed in the accompanying Memorandum, the court has not reached all of the claims for relief set forth in the Amended Petition.

It is further **ORDERED** that the petitioner **SHALL NOT** be re-detained without a material change in circumstances, and any revocation of the petitioner's Order of Supervision **MUST** be made in accordance with the relevant regulations and procedures governing revocation, which require at a minimum that the petitioner be given adequate notice of the reasons for revocation of release and a meaningful opportunity to be heard in response to those reasons.

The respondents **MUST** notify the petitioner of any planned removal of the petitioner from the State of Tennessee or the United States at least **ten days** before any such removal, and the respondents **SHALL NOT** remove or seek to remove the petitioner to a third country without providing notice and a meaningful opportunity to request a reasonable fear interview with respect to any proposed third country of removal and, if appropriate, to reopen removal proceedings to allow him to present a full claim for relief under 8 U.S.C. § 1231(b)(3) and the Foreign Affairs Reform and Restructuring Act, in accordance with the petitioner's right to due process of law.

The Amended TRO is **DISSOLVED** as moot.

This is the final Order in this case, for purposes of Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge